USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/23/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

           Judgment Creditor,

   v.

TOM SHIN,

           Judgment Debtor,

and

THE VANGUARD GROUP, INC.,

           Third-Party Respondent.

18 CR 577 (VEC)

**TURNOVER ORDER**

    WHEREAS the Court entered judgment against Tom Shin on March 19, 2019 and ordered him to pay restitution in the amount of $340,694.00, plus interest accruing at the rate of 2.43%, to the victim of his crime;

    WHEREAS as of July 21, 2021, Shin has made restitution payments totaling $3,000.00, and the outstanding balance owed to the victim of his crime is $356,100.03;

    WHEREAS, pursuant to 18 U.S.C. § 3613, upon entry of judgment, a lien arose against all of Shin's property and rights to property notwithstanding any other federal law, and the United States may use any federal or state procedure to enforce the judgment;

    WHEREAS, pursuant to Federal Rule of Civil Procedure 69(a)(1) and N.Y. CPLR § 5222, the United States issued and served a restraining notice on The Vanguard Group, Inc. ("Vanguard") for substantial nonexempt property belonging or due to Shin, including any retirement funds;

WHEREAS the United States served Shin with the restraining notice, including the exclusive and limited exemptions available to criminal judgment debtors under 18 U.S.C. § 3613(a);

WHEREAS Vanguard holds approximately $278,860 subject to market fluctuation in the Andersen Tax, LLC Tax Reduction Investment Plan account number ending in 5882 belonging to Shin;

WHEREAS Shin has a substantial nonexempt interest in the funds held by Vanguard, to which the criminal judgment lien has attached under 18 U.S.C. § 3613, and these funds are subject to turnover pursuant to N.Y. CPLR § 5225(b); and

WHEREAS the Court held a hearing on July 21, 2021 and overruled Shin's objection to the liquidation and turnover of his interest in the account held by Vanguard;

IT IS HEREBY ORDERED that, upon receipt of this order, third-party respondent, THE VANGUARD GROUP, INC., shall immediately liquidate securities in Shin's account number ending in 5882 as needed to submit the full liquidated value of that account, less any deductions required by law, with no withdrawal penalty, to the Clerk of Court in partial satisfaction of Shin's judgment.  *See* 18 U.S.C. § 3613; *United States v. Irving*, 4452 F.3d 110, 126 (2d Cir. 2006) (MVRA permits the government to garnish assets held in a retirement account to satisfy a restitution order); and *United States v. Novak*, 476 F.3d 1041, 1062 (9th Cir. 2006) (involuntary court-ordered distributions from retirement accounts to pay criminal restitution are not subject to additional tax or penalty for early withdrawal).

** SEE NEXT PAGE FOR PAYMENT INSTRUCTIONS **

Payment should be made by cashier's check or certified funds to "Clerk of Court" with "No. 18 CR 577" written on the face of the payment and mailed to the United States District Court, 500 Pearl Street, Room 120, New York, New York 10007, Attn: Cashier.

**SO ORDERED.**

Date: **July 23, 2021**
      **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**